IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: | : |
| | : CHAPTER 7 |
| DONWAYNE LAMAR SANDERS | : CASE NO. 17-50632-CRM |
| LESHUNTA FINLEY-SANDERS | : |
| | : JUDGE C. RAY MULLINS |
| Debtors, | : |
| | : |
| CLAXTON PRINTING AND IMAGING | : ADVERSARY NO. |
| COMPANY, | : |
| | : |
| Plaintiff, | : |
| | : |
| DONWAYNE LAMAR SANDERS | : |
| LESHUNTA FINLEY-SANDERS | : |
| | : |
| Defendants. | : |

## COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT

COMES NOW, Claxton Printing and Imaging Company (hereinafter "Claxton" or "Plaintiff"), Plaintiff herein, files this Complaint, pursuant to 11 U.S.C. § 523 and 11 U.S.C. § 727, and respectfully shows the Court as follows:

### Bankruptcy Filing and Case Background

1.

On January 12, 2017, DonWayne Lamar Sanders (hereinafter, "Mr. Sanders" or "Debtor/Husband") and Leshunta Finley-Sanders (hereinafter, "Mrs. Sanders" and/or Debtor/Wife"), Debtors (hereinafter, collectively "Debtors"), filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code.

2.

This Court converted the Debtors' case from Chapter 13 to Chapter 7 of the Bankruptcy

Code on or about March 23, 2017.

## Jurisdiction and Venue

3.

This adversary proceeding arises out of and relates to the Chapter 7 case of Debtors, case number 17-50632-CRM, now pending in this Court.

4.

Claxton is a Georgia Corporation, with its principal place of business formerly located at 1835 MacArthur Boulevard, Atlanta, Georgia 30318, and the Debtors are residents of Gwinnett County, Georgia.

5.

This Court has jurisdiction over this adversary proceeding, and the parties pursuant to 28 U.S.C. §157 and §1334. This matter is a core proceeding pursuant to 28 U.S.C. §157(b).

6.

Venue is proper before this Court pursuant to 28 U.S.C. §1408 and §1409.

## Factual Background

7.

Ms. Finley-Sanders was a full-time employee of Claxton for more than ten (10) years. Some of her assigned employment duties were in the nature of: payroll, accounts receivable, accounts payable, bookkeeping, and general accounting.

8.

Beginning in late January or early February of 2016, Claxton's management uncovered years of financial irregularities and questionable and unauthorized financial transactions made by

Ms. Finley-Sanders.

9.

Upon inquiry and questioning of Ms. Finley-Sanders by Claxton management, Ms. Finley-Sanders stopped coming in to work at Claxton.

10.

Ms. Finley-Sanders was officially terminated by Claxton on February 8, 2016 through a formal letter.

11.

Further investigation of the accounting of Claxton, and financial transactions performed by Ms. Finley-Sanders from January 2012 through December 2015, have revealed unauthorized transactions totaling in excess of Two Million Dollars ($2,00,000.00).  The unauthorized transactions were in the nature of:  theft, conversion, and embezzlement from Claxton (as the victim), the "fruits" of which inured to the financial benefit of the Debtors jointly.

12.

These transactions as referenced in Paragraph 11 above, occurred through a combination of embezzlement, unauthorized ATM transactions, unauthorized debit card transactions, and fraudulent check payments as structured and initiated by Ms. Finley-Sanders.

13.

Claxton filed a civil complaint against Ms. Finley-Sanders in the Superior Court of Gwinnett County on May 24, 2016, alleging fraud, conversion, unjust enrichment, and breach of fiduciary duties ("Civil Complaint").  This Civil Complaint was amended on December 5, 2016 to add Mr. Sanders as a co-defendant.  The Plaintiff incorporates herein by reference the allegations and contentions against the Debtors, as contained in the Civil Complaint as amended,

copies of which are attached hereto as single Exhibit "A".

14.

The afore-referenced action, as initiated with the Civil Complaint in the Superior Court of Gwinnett County, is still pending, but was stayed upon the fling of the Debtors' bankruptcy.

15.

The undersigned scheduled and took the 2004 examination of Ms. Finley-Sanders pursuant to Motion and Order of this Court on May 5, 2017. When Ms. Finley-Sanders was questioned under oath on the specifics with respect to her prepetition acts of embezzlement, unauthorized ATM transactions, unauthorized debit card transactions, and fraudulent check payments – she consistently "took the 5th" Amendment, and she refused to answer any of the specific inquiries (of the undersigned and/or co-counsel), invoking her right to not self-incriminate.

**Claxton expressly reserves the right to Amend this Complaint to incorporate each specific act of embezzlement, unauthorized ATM transaction, unauthorized debit card transaction, and fraudulent check payment, all as were more specifically set out in the afore-referenced 2004 exam of Finley-Sanders.**

## COUNT I

### VIOLATION OF 11 U.S.C. §523(a)(4)
### Fraud, Defalcation, Larceny

16.

Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1-15 as fully set forth herein.

17.

The Debtor/Wife used false representations, false statements, and actual fraud, Defalcation, embezzlement, theft, conversion and larceny which allowed her to knowingly received funds held by the Plaintiff, as a fiduciary for Plaintiff in violation of her fiduciary duties, and her actions financially damaged the Plaintiff.

18.

The fraudulent actions engaged in by the Debtor/Wife, the theft and conversion of the embezzled, stolen, and converted funds, in her capacity as a trusted employee of the Plaintiff, constitutes defalcation, fraud and larceny against the Plaintiff.

19.

Under 11 U.S.C. § 523(a)(4), an individual debtor may not discharge any debt "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." The Debtor/Husband knew, or should have known, of his wife's criminal scheme and directly benefited from same. Debtors' actions violated 11 U.S.C. §523(a)(4), and as a result, the amounts owed to the Plaintiff by the Debtors, as set forth herein are non-dischargeable.

## COUNT II

**VIOLATION OF 11 U.S.C. §523(a)(6)**
**Willful and Malicious Conversion**

20.

Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1-15 as fully set forth herein.

21.

The conversion of the funds and/or the obtaining funds by embezzlement, unauthorized ATM transactions, unauthorized debit card transactions, and fraudulent check payments, and the willful using of said funds for the Debtor's/Wife's sole purposes, constitute willful and malicious injuries to the Plaintiff and its property by the Debtor/Wife in violation of 11U.S.C. §523(a)(6).

22.

The Debtor's/Wife's actions were made with the intention of causing injury and loss to the Plaintiff and its property. The Debtor/Husband knew, or should have known, of his wife's intentional injuries upon the Plaintiff, and he directly benefited from same. The Debtors' actions violated 11 U.S.C. §523(a)(6) and as a result, the amounts owed to the Plaintiff by the Debtors, as set forth herein are non-dischargeable.

WHEREFORE, Plaintiff respectfully asks the Court for the following relief:

1. grant a judgment for Plaintiff against the Debtors on the allegations setout herein by the Plaintiff, for damages sustained as a result of the afore-described actions of the Debtors individually and/or jointly prior to the bankruptcy filing;

2. grant a judgment for Plaintiff and against Debtors for damages sustained, and an adjudication that the judgment to the Plaintiff be declared non-dischargeable under the Bankruptcy Code;

3. reasonable attorney's fees, costs, and expenses incurred in this action, including under the Bankruptcy Code;

4. punitive damages as may be appropriate; and

5. for such other relief as this Court deems just and proper.

This 26th day of October, 2017.

                                  MANN & WOOLDRIDGE, P.C.

                        By:    /s/ R. Brian Wooldridge
                                R. Brian Wooldridge
                                Georgia Bar No. 775981
                                Attorney for Plaintiff

P.O. Box 310
Newnan, Georgia 30264
(770) 253-2222
bwool@mwklaw.org